UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| TONY MAGHRAK, as Chairman and BRUCE YOUNG, as Secretary of the IBEW Local No. 292 Health Care Plan; TONY MAGHRAK, as Chairman and BRUCE YOUNG, as Secretary of the Electrical Workers Local No. 292 Pension Fund; TONY MAGHRAK, as Chairman and BRUCE YOUNG, as Secretary of the Electrical Workers Local No. 292 Annuity & 401(k) Fund; TONY MAGHRAK, as Chairman and BRUCE YOUNG, as Secretary of the Electrical Workers Local No. 292 Vacation & Holiday Fund; TONY MAGHRAK, as Chairman and BRUCE YOUNG, as Secretary of the Minneapolis Electrical Industry Board/JATC/LMCC; and each of their successors,<br><br>    Plaintiffs,<br><br>vs.<br><br>M8 ELECTRIC SOLUTIONS, LLC,<br><br>    Defendant. | Civ. No. 08-5796 (RHK/FLN)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**FINDINGS OF FACT<br>CONCLUSIONS OF LAW<br>AND ORDER** |

_____

This matter was heard by the Court on January 23, 2009. Amy L. Court of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

  1. Plaintiffs filed a Summons and Complaint in this matter on October 21, 2008. Defendant was served with the Summons and Complaint on October

1

23, 2008.

2. Defendant failed to answer, move, or otherwise respond to the Summons and Complaint.

3. The Clerk of the Court entered the Defendant's default on November 14, 2008.

4. Plaintiffs are trustees and fiduciaries of the above-referenced Funds (the "Funds"). The Funds are joint fringe-benefit trust funds, which are multi-employer plans as defined by 29 U.S.C. § 1002(37), established to provide pension, health and welfare, vacation benefits and training to employees performing covered work.

5. At all times material herein, Defendant, through its execution of a Letter of Assent, was bound by a certain Collective Bargaining Agreement (the "Inside Construction and Maintenance Agreement") between the Minneapolis Chapter, National Electrical Contractors Association, and the International Brotherhood of Electrical Workers, Local Union Number 292, A.F.L.-C.I.O.

6. The Funds are maintained by the Union and employers for the benefit of workers pursuant to the Collective Bargaining Agreement.

7. The Funds' trustees are responsible for determining and collecting the amounts due to the Funds from employers who have entered into the Collective Bargaining Agreement with the Union.

8. The Inside Construction and Maintenance Agreement requires employers such as Defendant to make contributions to the Funds in accordance

with its terms. Such contributions must be made on behalf of all employees covered by the Inside Construction and Maintenance Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

9. An employer such as Defendant is required by the Inside Construction and Maintenance Agreement to compute its contribution obligation and pay it to the agent of the Trustees on or before the 15th day of the month following the month for which the contribution is being made. Defendant is also required to submit to the agent a monthly payroll report on a standard form containing such information about the employees in the bargaining unit as the Trustees may require.

10. Defendant breached the terms of the Inside Construction and Maintenance Agreement by failing to timely submit the fringe fund reports for the months of July 2008 to September 2008.

11. After the filing of the Complaint, Defendant untimely submitted the fringe fund reports for the period July 2008 through September 2008. Pursuant to these fringe fund reports untimely submitted by Defendant, $8,863.62 is due an owing for fringe benefit contributions.

12. On September 15, 2008, Defendant submitted a check in the amount of $5,735.00 for the delinquent contributions due and owing for the period of July and August 2008. On September 30, 2008, Plaintiffs were notified that Defendant's check was returned for insufficient funds.

13. On or about October 15, 2008, Defendant submitted a check in the

3

amount of $8,602.50 for delinquent contributions for the period July 2008 through September 2008.  However, when the Funds contacted Defendant's financial institution to verify that there were sufficient funds in Defendant's bank account to cover the check, they were informed that there were insufficient funds in Defendant's account.  Accordingly, the Funds did not cash the check.

     14.    Defendant further breached the terms of the Inside Construction and Maintenance Agreement by failing to submit the fringe fund reports for the period of October 2008 through December 2008.

     15.    Defendant has not contacted Plaintiffs or notified them that they are no longer performing work covered by the Inside Construction and Maintenance Agreement.

     16.    Pursuant to the Inside Construction and Maintenance Agreement, payroll reports that are not postmarked on or before the 15th day of the following month are delinquent. Liquidated damages in the amount of 1% of the total amount received or $200.00, whichever is greater, are due for those payments received after the 20th day of the month and through the last working day of the month.  Liquidated damages in the amount of 5% of the total amount received or $1,000.00, whichever is greater, are due for payments received after the last working day of the month.

     17.    Liquidated damages for the period July 2008 through September 2008 total $3,000.00.

     18.    The Inside Construction and Maintenance Agreement further entitles

4

Plaintiffs to their reasonable attorneys' fees and costs in the pursuit of delinquent contributions.

## CONCLUSIONS OF LAW

1. Defendant owes Plaintiffs $8,863.62 for delinquent contributions for the period July 2008 through September 2008.

2. Defendant owes Plaintiffs $3,000.00 for liquidated damages for the period July 2008 through September 2008.

3. Defendant breached the Collective Bargaining Agreement by failing to submit the fringe fund reports and contributions for the period October 2008 through December 2008.

4. Defendant is liable for all fringe benefit fund contributions and liquidated damages due and owing pursuant to the reports for the period October 2008 through December 2008.

5. Defendant is liable for Plaintiffs attorneys' fees and costs.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. Defendant shall submit the fringe fund reports for the period October 2008 through December 2008 to Plaintiff at the IBEW Local 292 Fringe Benefit Funds, 5100 Gamble Drive, Suite 430, St. Louis Park, MN 55416, correctly identifying hours worked by employees pursuant to the Inside Agreement, within ten days of service of this Order upon them. **Defendant's failure to comply**

5

**with the foregoing may result in the imposition of sanctions in an amount above and beyond that due to Plaintiffs under the Inside Construction and Maintenance Agreement**; and

    2.    After calculating the total amount due from Defendant, including the amount due for the months October 2008 through December 2008, Plaintiffs shall move the Court for entry of a money judgment

Date: January 23, 2009

                                            s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge